# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

ALBERT BROWN                                                                   PLAINTIFF

V.                                        CAUSE NO. 3:11-cv-00146-CWR-FKB

MISSISSIPPI DEPARTMENT OF HEALTH                            DEFENDANT

## ORDER DENYING SUMMARY JUDGMENT

The above-styled matter is before the Court on the motion for summary judgment[1] of the defendant, the Mississippi Department of Health. The Court has reviewed that motion, along with its supporting memoranda and the plaintiff's response thereto, and after due consideration has concluded that the motion must be denied.

Albert Brown is an African-American employee of the Mississippi Department of Health (hereinafter "MDH"), where he holds the title of Systems Manager I.[2] In 2004, Brown sued MDH for discriminating against him on the basis of his race by failing to hire him as MDH's Chief Systems Information Officer.[3] Ultimately, a jury returned a verdict in his favor on the claim, and the Fifth Circuit affirmed that result.[4]

According to Brown, a series of retaliatory acts began soon thereafter. After filing his 2004 claim, Brown contends that MDH "began . . . taking all of his duties away, removing him

---

[1] Defendant's Motion for Summary Judgment [Docket No. 23].

[2] Plaintiff's Brief in Support of Response to Defendant's Motion for Summary Judgment with Supporting Authorities [Docket No. 28] (hereinafter "Plaintiff's Brief") at 1.

[3] Plaintiff's Brief at 1.

[4] *Brown v. Miss. Dept. of Health*, 2007 WL 4259212 (5th Cir. Dec. 5, 2007).

1

from his office, and reassigning all of the employees under his supervision to different supervisors."[5] Brown also alleges that, beginning in December 2004 and continuing until 2008, he "was required to show up to work everyday and do nothing,"[6] and that MDH also "retaliated against Mr. Brown by not advertising position [*sic*] that he qualified for so [MDH] would not have to consider him."[7]

In May and June 2008, MDH again began advertising an opening for its Chief Systems Information Officer position.[8] Among other qualities, MDH sought "somebody with a proven management background."[9] To fill the vacancy, MDH used a two-step process in which it first determined the total pool of "minimally qualified" candidates – which included Brown[10] – and then passed those applications to a hiring consultant named Kathy Rudd, who interviewed by phone each minimally qualified candidate.[11] Rudd then divided the pool of candidates into a class of more-qualified applicants and a class of less-qualified applicants.[12] After Rudd reported her results, two MDH employees – Ron Davis, the Director of Human Resources, and Mike Lucias,

---

[5] Plaintiff's Brief at 2.

[6] Plaintiff's Brief at 2.

[7] Plaintiff's Brief at 2.

[8] Plaintiff's Brief at 2.

[9] Exhibit B to Motion for Summary Judgment (Deposition of Mike Lucias) [Docket No. 23-2] at 7.

[10] Exhibit B to Plaintiff's Response to Defendant's Motion for Summary Judgment (hereinafter "Ron Davis E-mail") [Docket No. 27-2] at 2.

[11] Plaintiff's Brief at 2.

[12] Defendant's Memorandum of Authorities in Support of Its Motion for Summary Judgment [Docket No. 24] (hereinafter "Defendant's Brief") at 3.

the Director of Health Administration – interviewed two of the candidates from the "more-qualified" pool, neither of which was Brown.[13] Ultimately, MDH hired Mark Wilson, who is white.[14]

But Davis' involvement was not limited to discerning the minimally qualified applicants and interviewing the two finalists. On October 8, 2008, he wrote Rudd an e-mail in which, among other things, he specifically addressed Brown's prior litigation against MDH:

> There is some additional background I guess I should provide or remain [*sic*] you of.
>
> Albert Brown won a lawsuit against the agency when the positions [*sic*] was filled a few years ago with Mike Scales. He was never interviewed. Although, [*sic*] he does not appear to be one of the stronger candidates, he meets the minimum qualifications and is a [MDH] employee. . . .[15]

In December 2008, Brown filed with the EEOC a new charge of discrimination and retaliation in regard to MDH's decision not to hire him as the Chief Systems Information Officer. After an investigation, the EEOC determined in May 2010 "that there is reasonable cause to believe that [MDH] discriminated against [Brown] on the basis of his race in violation of Title VII" and "[t]here is also reasonable cause to believe that [MDH] retaliated against [Brown] by denying him a promotion for engaging in a protected activity."[16] Brown sued MDH in Hinds County Circuit Court on February 16, 2011, alleging race discrimination and retaliation, both in

---

[13] Defendant's Brief at 3.

[14] Plaintiff's Brief at 3.

[15] Ron Davis E-mail at 1.

[16] Exhibit E to Plaintiff's Response to Defendant's Motion for Summary Judgment (EEOC Determination) [Docket No. 27-5] at 2.

violation of Title VII of the Civil Rights Act of 1964.[17] MDH invoked federal-question jurisdiction and removed the case to federal court on March 14, 2011.[18]

MDH moved for summary judgment[19] on December 1, 2011.

## ANALYSIS

Viewing the facts in the light most favorable to Brown's case, as the Court is obligated to do when considering a motion for summary judgment,[20] the Court concludes that a genuine issue of material fact exists as to both Brown's claim for race discrimination and his claim for retaliation. Particularly within the fact-sensitive realm of Title VII litigation, "[t]his Court is ever mindful that although a useful device, summary judgment 'must be employed cautiously because it is a final adjudication on the merits.'"[21]

**Discrimination.** Brown argues that three pieces of evidence could support a jury's determination that the race-neutral reason offered in support of MDH's hiring decision was, in fact, a pretext.[22] First, Brown claims that after he applied for the Chief Systems Information Officer position, MDH "continued to accept applications past the expiration of the advertised

---

[17] Complaint [Docket No. 2] at 3-4.

[18] Notice of Removal [Docket No. 1]. Title 28, Section 1331 of the United States Code establishes that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Brown's claims take root in federal law, this federal Court properly enjoys jurisdiction.

[19] Defendant's Motion for Summary Judgment [Docket No. 23].

[20] Fed. R. Civ. P. 56.

[21] *Patton v. Hinds Cnty. Juvenile Detention Center (Henley-Young)*, 2011 WL 2912897, *3 (S.D. Miss. July 18, 2011) (quoting *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989)).

[22] See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

4

application deadline" and that the successful candidate, Wilson, "did not send his application in until three and a half months after the advertised deadline."[23] Second, Brown argues that he was more qualified for the position than was Wilson.[24] And third, Brown contends that MDH's objections to interrogatories propounded during discovery were "questionable" and that the objections themselves are evidence of pretext.[25]

Brown's second and third arguments are not compelling. As to Brown's argument that he was better qualified for the job than Wilson, the Fifth Circuit has written that "[o]ur job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decisions."[26] Although MDH is incorrect in its apparent position that Brown's superior qualifications (to the extent they exist) can play no role in his pretext argument,[27] Wilson's resume is not so inferior to Brown's "that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."[28] In her appraisal of Wilson's qualifications, Rudd noted that Wilson had nearly 20 years of information technology experience in state government, including 14 years in a

---

[23] Plaintiff's Brief at 7-8.

[24] Plaintiff's Brief at 8.

[25] Plaintiff's Brief at 10.

[26] *LeMaire v. Louisiana Dept. of Transp. & Development*, 480 F.3d 383, 391 (5th Cir. 2007).

[27] *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 357 (5th Cir. 2001).

[28] *Id.*

management role.[29] Aside from arguing that his own qualifications are more impressive, Brown makes no effort to argue that Wilson's hiring was patently unreasonable, and indeed, it is difficult to imagine that such an argument could be made. Therefore, the Court does not view this evidence as creating a genuine issue of material fact.

Likewise, Brown's argument that MDH lodged frivolous objections during discovery does not highlight a triable jury issue. As courts frequently remind jurors and litigants during trials, "objections or arguments made by the lawyers are not evidence."[30] Additionally, the case offered by Brown in support of his position is not relevant. According to Brown, the Seventh Circuit has held "that a defendant's 'clever' and 'legalistic' objections could be interpreted by a jury that the defendant's alleged legitimate non-discriminatory reason lacks credibility."[31] Specifically, Brown takes issue with MDH's objections to interrogatories inquiring into MDH's history with the EEOC and with MDH's reason for choosing Wilson over Brown.[32]

But even if Brown were correct that MDH's objections were frivolous,[33] the Seventh Circuit's decision in *Emmel v. Coca-Cola* does not establish that such objections alone can launch a plaintiff over the hurdle presented by a summary-judgment motion. The *Emmel* decision

---

[29] Defendant's Rebuttal Memorandum of Authorities in Support of Its Motion for Summary Judgment [Docket No. 29] (hereinafter "Defendant's Reply Brief") at 6.

[30] *United States v. Thomas*, 627 F.3d 146, 158 (5th Cir. 2010).

[31] Plaintiff's Brief at 10-11 (citing *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627 (7th Cir. 1996)).

[32] Plaintiff's Brief at 11.

[33] Ultimately, if any party believes that an opposing party has committed discovery violations, then the proper remedy is always to file a motion to compel.

concerned itself with an interrogatory to which the defendant responded with both an objection and a substantive answer, and the Seventh Circuit ultimately determined that the *response* could be presented to a jury.[34] During the course of the litigation, Coca-Cola provided varying excuses for its failure to promote a female employee, and the Seventh Circuit found no error in the district judge's decision to allow the jury to consider these responses – including the response to the interrogatory – as evidence of pretext.[35] The Seventh Circuit did not hold that the objection accompanying that response was substantive evidence, and no court citing the *Emmel* decision has ever interpreted it as standing for such a proposition. This Court too declines to give life to that interpretation.[36] Therefore, the Court rejects Brown's argument that MDH's objections are substantive evidence sufficient to create a genuine issue of material fact.

However, Brown's first argument – that MDH's decision to accept Wilson's application outside the advertised period for submissions – is a different matter. Federal courts "ha[ve] held in the past that an employer's failure to follow its own internal employment procedures can constitute evidence of pretext."[37]

---

[34] *Emmel*, 95 F.3d at 635 ("Answers to interrogatories are evidence. In this instance, they were admissions by a party opponent. Attorneys must anticipate that such an answer might find its way to the jury.").

[35] *See Black Cowboys, LLC v. State of Indiana Dept. of Natural Resources*, 2007 WL 296889, *8 (S.D. Ind. March 22, 2007) (discussing *Emmel*, 95 F.3d 627).

[36] *See also Williams v. Mistras Group, Inc.*, 2012 WL 987070, *5 (S.D. Miss. March 20, 2012) (Jordan, J.) ("The Court can envision an interrogatory *response* creating an argument for pretext – e.g., giving a contradictory reason for the decision.") (emphasis added).

[37] *Rudin v. Lincoln Land Cmty. College*, 420 F.3d 712, 727 (7th Cir. 2005). *See also Jaramillo v. Colorado Judicial Dept.*, 427 F.3d 1303, 1308 (10th Cir. 2005) (cited by *Staten v. New Palace Casino, LLC*, 187 Fed. Appx. 350, 359 (5th Cir. 2006)).

MDH, however, contends that the extension of its application period has an easy explanation: the official responsible for the hiring decision was on medical leave.[38] But where conflicting explanations arise regarding an issue of material fact, summary judgment is inappropriate.[39] Moreover, in this case, the unavailability of an MDH official might have explained a delay in the application process' ultimate outcome. But when viewed in the light most favorable to Brown's case, the official's unavailability does not explain the extension of the application deadline, particularly in light of evidence that MDH did not merely passively accept Mark Wilson's application but actively sought it out.[40]

The Court finds that the extension of the application deadline creates a genuine issue of material fact to be considered by a jury to determine whether MDH's non-discriminatory explanation is a pretext for discrimination. Therefore, summary judgment on Brown's race-discrimination claim must be denied..

**Retaliation.** In attacking the viability of Brown's claim for retaliation, MDH's motion for summary judgment focuses[41] exclusively on Brown's obligation to establish a *prima facie* case. To establish a *prima facie* case of retaliation, the plaintiff must prove "that he engaged in protected activity; he suffered from an adverse employment action; and there was a causal

---

[38] Defendant's Reply Brief at 3.

[39] *See generally Coleman v. CMH Homes, Inc.*, 2011 WL 198130 *3 (S.D. Miss. Jan. 20, 2011 ("[S]ummary judgment is an inappropriate tool for resolving claims of employment discrimination which involves nebulous questions of motivation and intent.") (quoting *Thornburgh v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640-41 (5th Cir. 1985)).

[40] Exhibit B to Motion for Summary Judgment [Docket No. 23-2] at 7-8.

[41] Defendant's Brief at 11-14.

connection between the activity and the adverse employment action."[42] Specifically, MDH contends that Brown cannot show a causal connection between Brown's successful 2004 action and MDH's 2008 decision not to hire him as Chief Systems Information Officer. In support of that contention, MDH offers two arguments: first, that too much time has elapsed since his 2004 action to presume causation through temporal proximity, and second, that Brown cannot prove that he would have been hired but for his 2004 action.

MDH is correct that temporal proximity can be a relevant factor when addressing the issue of causation in a Title VII retaliation claim, but neither its presence nor its absence determines the outcome of the question.[43] Although the Supreme Court has indicated that temporal proximity must be "very close" to prove causation,[44] this inquiry is relevant chiefly when a plaintiff relies solely on the temporal proximity between his protected action and his adverse outcome.[45] In the case at bar, Brown has more direct evidence: specifically, the e-mail sent from Ron Davis to Rudd in October 2008, wherein Davis related to Rudd an account of Brown's successful 2004 action.[46] Reasonable jurors could infer fairly from the e-mail that Davis intended to torpedo Brown's application and that, but for the 2004 action referred to by Davis,

---

[42] *Adams*, 475 F.3d at 690-91.

[43] *Sanders v. Sailormen, Inc.*, 2012 WL 663021, *3 (S.D. Miss. Feb. 28, 2012) (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995)).

[44] *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001).

[45] *See id.* (reviewing "cases that accept mere temporal proximity . . . as sufficient evidence of causality").

[46] *See supra* at n.13.

MDH would have hired Brown as Chief Systems Information Officer.[47]

**CONCLUSION**

Genuine issues of material fact exist as to both Brown's claim of race discrimination and his claim of retaliation. Therefore, MDH's motion for summary judgment is denied.

SO ORDERED this Fourth day of April 2012.

                                                   /s/ *Carlton W. Reeves*
                                                  Hon. Carlton W. Reeves
                                                  United States District Court Judge

---

[47] Although Ms. Rudd has categorically denied that the email influenced her actions in any way, a jury, after assessing the testimony, could conclude otherwise. *See Haire v. U.S.*, 101 F.Supp.2d 478, 485 (N.D. Miss. 2000) (where court found that plaintiff "only just barely" met her burden of establishing pretext, plaintiff was "entitled to present [the] claim to a jury.").